**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FORTINO COTONIETO, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | FILED: JUNE 11, 2009 |
| CITY OF CHICAGO, a municipal | ) | 09CV3545 |
| Corporation, OFFICER GERALD | ) | JUDGE ASPEN |
| DI PASQUALE, Star 14224, OFFICER | ) | MAGISTRATE JUDGE MASON |
| KIMBERLY RICHMOND, Star 15922, | ) | CH |
| OFFICER K. HOWARD, Star 11323, | ) | |
| OFFICER W. THOMAS, Star 12046, | ) | |
| OFFICER F. MESSINA, Star 12435, | ) | |
| OFFICER M. IGLESIAS, Star 19945, | ) | |
| Chicago police officers in their individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Fortino Cotonieto, by and through his attorneys, DVORAK, TOPPEL& BARRIDO, LLC., and complaining of Defendants City of Chicago, Officer Gerald Di Pasquale (Star 14224), Officer Kimberly Richmond (Star 15922), Officer K. Howard (Star 11323), Officer W. Thomas (Star 12046), Officer F. Messina (Star 12435) and Officer M. Iglesias (Star 19945) (collectively "the Defendant Officers"), states as follows:

### Jurisdiction/Venue

1. This incident occurred on June 20, 2008 in the City of Chicago, County of Cook, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a), the Constitution of the United States, and supplemental jurisdiction is provided under 28 U.S.C. § 1367(a).

1

**Parties**

3. At all relevant times pertaining to this incident, Plaintiff resided in Chicago, Cook County, Illinois.

4. At the time of the incident, Defendant City of Chicago was a municipal corporation, and the principal employer of Officers Di Pasquale, Richmond, Howard, Thomas, Messina, and Iglesias, who were acting under color of law and within the course and scope of their employment with the City of Chicago.

**Facts**

5. On or about June 20, 2008, the Plaintiff was in the vicinity of 900 S. Cicero Ave., Chicago, Illinois.

6. The Defendant Officers were conducting a reverse mission related to prostitution.

7. In his car, the Plaintiff, according to officers, approached Defendant Richmond, who was acting undercover and posing as a prostitute, and offered money in exchange for sex.

8. Defendant Di Pasquale approached the Plaintiff, who was still in his vehicle.

9. Then and there, without provocation or legal justification, Defendant Di Pasquale forcefully pulled the Plaintiff from his vehicle, pointed a gun in the Plaintiff's face, and then hurled the Plaintiff face-first into a vehicle, causing injury.

10. During this encounter, the Plaintiff did not resist, attempt to flee, or attempt to assault or batter any officer in any form.

11. The use of force by Defendant Di Pasquale on the Plaintiff was unwarranted and was excessive in violation of the Fourth Amendment to the United States Constitution.

12. Defendants Richmond, Howard, Thomas, Messina, and Iglesias were present for this violent attack on the Plaintiff but failed to intervene to prevent Defendant Di Pasquale's

use of excessive force, despite an opportunity and duty to do so.

13. Plaintiff sustained serious injuries to his face, including but not limited to, inflammation, swelling, bruising, lacerations, and a broken nose.

14. After release from custody, the Plaintiff sought and received medical treatment, including the surgical repair of his broken nose.

15. As the proximate result the aforementioned actions, or inactions, by the Defendant Officers, Plaintiff suffered bodily injury, pain and suffering, and medical expenses.

### COUNT I – 42 U.S.C. § 1983 Excessive Force
(Plaintiff v. Defendant Di Pasquale)

16. The Plaintiff re-alleges paragraphs 1-15 and incorporates them herein.

17. The actions of Defendant Di Pasquale in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures, thus violating 42 U.S.C. § 1983.

18. As the proximate result of the aforementioned actions by Defendant Di Pasquale, the Plaintiff suffered bodily injury, physical pain and suffering, and pecuniary loss, including medical expense.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands judgment and compensatory damages against Defendant Di Pasquale, and because he acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and any other additional relief this Court deems equitable and just.

### COUNT II – 42 U.S.C. §1983 Failure to Intervene
(Plaintiff v. Defendants Richmond, Howard, Thomas, Messina, and Iglesias)

19. The Plaintiff re-alleges paragraphs 1-15 and incorporates them herein.

20. The actions or inaction of Defendants Richmond, Howard, Thomas, Messina, and Iglesias in failing to intervene and protect Plaintiff from excessive, unreasonable and unjustifiable force, despite the duty and opportunity to do so, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, thus violating 42 U.S.C. § 1983, and were the direct and proximate cause of Plaintiff's injuries described above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendants Richmond, Howard, Thomas, Messina, and Iglesias, and because they acted maliciously, wantonly, or oppressively, substantial punitive damages, plus costs of this action, attorney's fees and any other additional relief this Court deems equitable and just.

### COUNT III – Illinois State Law Claim of Battery (respondeat superior)
(Plaintiff v. Defendant City of Chicago)

21. The Plaintiff re-alleges paragraphs 1-15 and incorporates them herein.

22. One or more police officers with the Defendant City of Chicago physically abused the Plaintiff, and committed these intentional acts of harmful and/or offensive nature against the Plaintiff, and were without provocation or legal justification.

23. The actions of one or more Chicago police officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

24. One or more Chicago police officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

WHEREFORE, Plaintiff demands compensatory damages against Defendant City of Chicago, plus costs of this action, plus any other additional relief this Court deems equitable and just.

**COUNT IV – Illinois State Law Claim of Indemnification Pursuant to 745 ILCS 10/9-102**
(Plaintiff v. City of Chicago)

25. The Plaintiff re-alleges paragraphs 1-15 and incorporates them herein.

26. Defendant City of Chicago is the indemnifying entity for the actions of the Defendant Officers, described above, who took these actions while acting under the color of law and in the course and scope of their employment with the City of Chicago.

WHEREFORE, should Defendants Di Pasquale, Richmond, Thomas, Howard, Messina, and/or Iglesias be found liable on the federal claims set forth above, the Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) he obtains thereon, pursuant to 745 ILCS 10/9-102.

Respectfully submitted,

s/ Matthew Robison
An Attorney for Plaintiff
Attorney No. 6291925

Matthew Robison
Dvorak, Toppel & Barrido, LLC.
200 S. Michigan Ave., Suite 1240
Chicago, IL 60604
(312) 663-9500 (p)
(312) 663-9800 (f)
matthew_robison@civilrightsdefenders.com