**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FORTINO COTONIETO, ) | |
| ) | Case No.: 09 C 3545 |
| Plaintiff, ) | |
| ) | Judge Aspen |
| v. ) | |
| ) | Magistrate Judge Mason |
| City of Chicago et al., ) | |
| ) | |
| Defendants. ) | Jury Demanded |

**DEFENDANTS' ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago and Defendant officers Gerald Di Pasquale, Kimberly Richmond, Keisha Howard, W. Thomas, F. Messina, Michael Iglesias, ("Defendants"), by their undersigned attorneys, for their Answer, Defenses and Jury Demand to Plaintiff's Complaint, state as follows:

**Jurisdiction/Venue**

1. This incident occurred on June 20, 2008 in the City of Chicago, County of Cook, Illinois.

    **ANSWER:** Defendants admit the allegations contained in this paragraph.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a), the Constitution of the United States and supplemental jurisdiction is provided under 28 U.S.C. § 1367(a).

    **ANSWER:** Defendants admit that this Court has jurisdiction over this action.

**Parties**

3. At all relevant times pertaining to this incident, Plaintiff resided in Chicago, Cook County, Illinois.

    **ANSWER:** Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

4. At the time of the incident, Defendant City of Chicago was a municipal corporation and the principal employer of Officers Di Pasquale, Richmond, Howard, Thomas, Messina, and Iglesias, who were acting under the color of law and within the course and scope of their employment with the City of Chicago.

> **ANSWER:** Defendants admit the allegations in this paragraph. Defendants deny they committed any wrongful or illegal conduct.

### Facts

5. On or about June 20, 2008, the Plaintiff was in the vicinity of 900 S. Cicero Ave., Chicago, Illinois.

> **ANSWER:** Defendants admit the allegations in this paragraph.

6. The Defendant Officers were conducting a reverse mission related to prostitution.

> **ANSWER:** Defendants admit the allegations in this paragraph.

7. In his car, the Plaintiff, according to officers, approached Defendant Richmond, who was acting undercover and posing as a prostitute, and offered money in exchange for sex.

> **ANSWER:** Defendants admit the allegations in this paragraph.

8. Defendant Di Pasquale approached the Plaintiff, who was still in his vehicle.

> **ANSWER:** Defendants deny the allegations in this paragraph.

9. Then and there, without provocation or legal justification, Defendant Di Pasquale forcefully pulled the Plaintiff from his vehicle, pointed a gun in the Plaintiff's face, and then hurled the Plaintiff face-first in to a vehicle, causing injury.

> **ANSWER:** Defendants deny the allegations in this paragraph.

10. During this encounter, the Plaintiff did not resist, attempt to flee, or attempt to assault or batter any officer in any form.

> **ANSWER:** Defendants deny the allegations in this paragraph.

11. The use of force by Defendant Di Pasquale on the Plaintiff was unwarranted and was excessive in violation of the Fourth Amendment to the United States Constitution.

> **ANSWER:** Defendants deny the allegations in this paragraph.

12. Defendants Richmond, Howard, Thomas, Messina, and Iglesias were present for this violent attack on the Plaintiff but failed to intervene to prevent Defendant Di Pasquale's use of excessive force, despite an opportunity and duty to do so.

> **ANSWER:** Defendants deny the allegations in this paragraph.

13.     Plaintiff sustained serious injuries to his face, including but not limited to, inflammation, swelling, bruising, lacerations, and a broken nose.

**ANSWER:** Defendants admit Plaintiff sustained lacerations to his face. Defendants deny the source of the lacerations as alleged in preceding paragraphs. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

14.     After release from custody, the Plaintiff sought and received medical treatment, including the surgical repair of his broken nose.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation in this paragraph.

15.     As the proximate result the aforementioned actions, or inactions, by the Defendant Officers, Plaintiff suffered bodily injury, pain, and suffering, and medical expenses.

**ANSWER:** Defendants deny the allegations in this paragraph.

## COUNT I- 42 U.S.C. § 1983 EXCESSIVE FORCE

16.     The Plaintiff re-alleges paragraphs 1-15 and incorporates them herein.

**ANSWER:** Defendants reallege their answers in paragraphs 1-15 and incorporate them herein.

17.     The actions of Defendant Di Pasquale in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiffs rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against the unreasonable searches and seizures, thus violating 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations in this paragraph.

18.     As the proximate result of the aforementioned actions by Defendant Di Pasquale, the Plaintiff suffered bodily injury, physical pain and suffering, and pecuniary loss, including medical expense.

**ANSWER:** Defendants deny the allegations in this paragraph.

3

## COUNT II- 42 U.S.C. § 1983 FAILURE TO INTERVENE

19.     The Plaintiff re-alleges paragraphs 1-15 and incorporates them herein.

     **ANSWER:**     Defendants reallege their answers in paragraphs 1-15 and incorporate them herein.

20.     The actions or inaction of Defendants Richmond, Howard, Thomas, Messina, and Iglesias in failing to intervene and protect Plaintiff from excessive, unreasonable and unjustifiable force, despite the duty and opportunity to do so, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, thus violating 42 U.S.C. § 1983, and were the direct and proximate cause of Plaintiff's injuries described above.

     **ANSWER:**     Defendants deny the allegations in this paragraph.

## COUNT III- Illinois State Law Claim of Battery (respondeat superior)

21.     The Plaintiff re-alleges paragraphs 1-15 and incorporates them herein.

     **ANSWER:**     Defendants reallege their answers in paragraphs 1-15 and incorporate them herein.

22.     One or more police officers with the Defendant City of Chicago physically abused the Plaintiff, and committed these intentional acts of harmful and/or offensive nature against the Plaintiff, and were without provocation or legal justification.

     **ANSWER:**     Defendants deny the allegations in this paragraph.

23.     The actions of one or more Chicago police officers were the direct and proximate cause of the injuries suffered by the Plaintiff, as described more fully above.

     **ANSWER:**     Defendants deny the allegations in this paragraph.

24.      One or more Chicago police officers were acting in the course and scope of their employment with the City of Chicago in taking these actions, and thus the City of Chicago is liable based on the theory of respondeat superior.

     **ANSWER:**     Defendants admit the allegations in this paragraph. Defendants deny they committed any wrongful or illegal conduct.

**COUNT IV- Illinois State Law Claim of Indemnification  Pursuant to 745 ILCS 10/9-102**

25. The Plaintiff re-alleges paragraphs 1-15 and incorporates them herein.

**ANSWER:** Defendants reallege their answers in paragraphs 1-15 and incorporate them herein.

26. Defendant City of Chicago is the indemnifying entity for the actions of the Defendant Officers, described above, who took these actions while acting under the color of law and in the course and scope of their employment with the City of Chicago.

**ANSWER:** Defendants admit the allegations in this paragraph. Defendants deny they committed any wrongful or illegal conduct.

**WHEREFORE**, Defendant City of Chicago and Defendants Gerald Di Pasquale, Kimberly Richmond, Keisha Howard, W. Thomas, F. Messina, Michael Iglesias, pray that this Court enter judgment in their favor on Plaintiff's Complaint, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

**DEFENSES**

1. Defendant City is not liable to plaintiff if its employees or agents are not liable to plaintiff. 745 ILCS 10/2-109 (2004).

2. To the extent any employee or agent of Defendant City of Chicago was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2004).

3. Defendant City is not liable for any injury caused by the act or omission of another person. 645 ILCS 10/2-204 (2004).

4. Plaintiff has a duty to mitigate his damages, and any damages awarded to plaintiff would be required to be reduced by any amount by which the damages could have been lessened by plaintiff's failure to take responsible action to minimize those damages.

5. Defendant Officers are not liable for the claims alleged under state law because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

6. Under the Illinois Tort Immunity Act, defendants are not liable under state law for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

7. Plaintiff's claims in the complaint are barred by the applicable statutes of limitations.

8. Plaintiff's claims in the complaint are barred by the doctrines of collateral estoppel.

9. As to plaintiff's state law claims, Defendant Officers are not liable to pay attorney fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill. 2d 154, 166 (1979).

10. At all times material to the events alleged in plaintiffs' complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting the Defendants, could have believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendants, therefore, are entitled to qualified immunity as a matter of law.

11.	Defendants are absolutely immune for any testimony they may have given in plaintiff's underlying criminal case. See *Briscoe v. LaHue*, 460 U.S. 325 (1983).

12.	Where Defendant may be liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of Plaintiff's negligent, willful and wanton and intentional conduct which was the proximate cause of his injuries.

13.	Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

## JURY DEMAND

Defendants request a trial by a jury.

Respectfully submitted,

s/ Christina M. Liu
One of the Attorneys for Defendants

Andrew M. Hale
Avi Kamionski
Ebone Liggins
Christina Liu
Andrew M. Hale & Associates
53 West Jackson, Suite 1800
Chicago, Illinois 60604
(312) 341-9646